IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA   :
:
v.   :   Criminal No. HNM 95-0172
:
PRESTON CURTIS THOMPSON   :

**MEMORANDUM OPINION AND ORDER**

By a judgment entered August 16, 1995, Defendant Preston Curtis Thompson was convicted, upon his guilty plea, of conspiracy to traffic in unauthorized access devices in violation of 18 U.S.C. § 1029(b)(2). He was sentenced to a term of imprisonment of one year and one day to be followed by a two-year term of supervised release. On July 9, 2012, the court received a handwritten letter from Defendant "request[ing] that criminal case # DKC 95-0172 dated April 13, 1995 be expunged." (ECF No. 64). This document has been docketed as a motion for expungement of the criminal case and that motion is pending.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Neither the Constitution nor any federal statute expressly grants federal district courts

the authority to expunge federal criminal convictions. *See United States v. Mitchell*, 683 F.Supp.2d 427, 429 (E.D.Va. 2010). There is, however, a split of authority among circuit courts as to "whether there is ancillary jurisdiction to entertain a proceeding to expunge based solely upon equitable considerations." *United States v. Harris*, --- F.Supp.2d ----, 2012 WL 956014, at *3 (D.Md. 2012) (quoting 13 Charles Alan Wright, *et al.*, Federal Practice and Procedure, § 3523.2 at 217-18).

While the Fourth Circuit has not directly addressed the issue, a number of district courts in this circuit have. The more well-reasoned of these decisions have agreed that ancillary jurisdiction does not empower a court to expunge federal criminal convictions on purely equitable grounds. As Judge Laws recently explained:

> [I]n the absence of any controlling statute that guides expungement, this kind of purely equitable balancing does not survive *Kokkonen* and its progeny. *See Mitchell* and [*United States v. Gary*, 206 F.Supp.2d 741 (D.Md. 2002)]. There is no factual interdependency between the claims here as would justify ancillary jurisdiction. The adjudicative facts underlying the Defendant's [crime], over which the Court unquestionably had federal question jurisdiction, are completely separate and distinct from the equitable circumstances that the Defendant claims, eight years later, justify the expungement of that conviction. Second, expungement of the criminal conviction would not facilitate the

> functioning of this Court, that is, to manage its proceeding[s], vindicate its authority, and effectuate its decrees. At least in the case of a criminal conviction, it hardly seems the case that an expungement order would serve to vindicate the Court's authority or to effectuate its decree[s]. The two outcomes are contradictory; such an expungement order would undercut the authority of the Court and frustrate, not effectuate, its settled decrees. As determined in *Mitchell*, there is a strong interest in preserving readily accessible public records of criminal convictions and other disposition[s]; important public policies are furthered by a presumption in favor of open access to complete and truthful court records. Broader access to expungement, under a balancing test or other possibly inconsistent equitable standards for ordering expungement, could jeopardize that reliability and integrity of federal criminal records. . . .
>
> In the absence of acquittal, or even any claim that his conviction was in any way unlawful or unconstitutional, that his arrest or conviction flowed from any sort of official misconduct, or that the statute on which he was convicted has been found unconstitutional, I find that this Court is not empowered to grant the expungement relief sought. The Defendant is to be commended for turning his life around in the near decade since the events that gave rise to his prosecution, but, in a federal system with no generally applicable statutory process for expungement, that is not enough to warrant this extraordinary remedy.

*Harris*, 2012 WL 956014, at *6 (footnotes omitted); *cf. Gary*, 206 F.Supp.2d at 741 (finding that district courts have "ancillary jurisdiction to expunge criminal records," but no "power to expunge a record of a valid arrest and conviction solely for

equitable considerations"; "a district court's ancillary jurisdiction is limited to expunging the record of an *unlawful* arrest or conviction, or to correcting a clerical error") (emphasis in original) (quoting *United States v. Summer*, 226 F.3d 1005, 1014 (9th Cir. 2000)).

Here, Defendant does not assert that his arrest or conviction was unlawful; indeed, he has provided no basis for the extraordinary remedy he seeks.

Accordingly, it is this 19th day of July, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for expungement of criminal case filed by Defendant Preston Curtis Thompson (ECF No. 64) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Order directly to Defendant.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge